UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WELLS FARGO ADVISORS, LLC,

                    Petitioner,

        - against -

KEVIN MERCER,

                    Respondent.

**OPINION AND ORDER**

14 Civ. 9279 (ER)

Ramos, D.J.:

       On November 21, 2014, Wells Fargo Advisors, LLC ("Petitioner" or "Wells Fargo") filed a petition pursuant to Section 9 of the Federal Arbitration Act ("FAA"), requesting that the Court confirm an arbitration award in the amount of $120,752.83 (the "Award"). Doc. 1. The Award was entered in favor of Wells Fargo and against Kevin Mercer ("Respondent") by the Financial Industry Regulatory Authority ("FINRA") on January 24, 2014. Respondent answered Wells Fargo's petition on March 9, 2015 with ten counterclaims. Doc. 11. Wells Fargo now moves for summary judgment, seeking dismissal of Respondent's counterclaims and confirmation of the Award. Doc. 26. For the following reasons, Wells Fargo's motion is GRANTED.

**I. Background**

       Wells Fargo is a broker-dealer licensed to sell securities by FINRA. Wells Fargo Advisors, LLC's Statement of Material Facts to Which There are No Genuine Issues in Support of its Motion for Summary Judgment ("Pet. 56.1"), Doc. 29, ¶ 1; Answer, Doc. 2, I. ¶ 2.[1]

---

[1] Respondent did not submit a Statement of Material Facts in accordance with Local Civil Rule 56.1.

Respondent is a financial advisor who was formerly employed by Wells Fargo.  *See* Pet. 56.1 ¶ 5; Memorandum in Support of Respondent Kevin Mercer's Motion for Dismissal of Summary Judgement ("Resp. Mem."), Doc. 33, at 2.

According to Petitioner, Respondent started working for Wells Fargo, then named Wachovia Securities, LLC ("Wachovia"), on October 20, 2006.  *See* Pet. 56.1 ¶ 8.  Although Respondent disputes the exact start date of his employment, it is undisputed that Respondent received a loan from Wachovia in the amount of $125,000 on or around October 20, 2006.  *See* Pet. 56.1 ¶ 9; Resp. Mem. at 2.  Furthermore, the loan was governed by a promissory note signed by Respondent and dated October 20, 2006.[2]  Pet. 56.1 ¶ 9; Resp. Mem. at 2; Answer at 4, Attachment 1 at 3.

Respondent subsequently received two loans from Wells Fargo, one in the amount of $52,068 and another in the amount of $4,065.61.  Pet. 56.1 ¶¶ 10-11; Answer I. ¶ 9.  According to Petitioner, these loans were also governed by promissory notes signed by Respondent, dated October 15, 2009 and March 18, 2011, respectively.  Pet. 56.1 ¶¶ 10-11.  Respondent does not dispute that he signed the October 15, 2009 and March 18, 2011 promissory notes.  *See* Answer I. ¶ 9; Resp. Mem. at 2.

Respondent voluntarily resigned from Wells Fargo on December 5, 2011.  Pet. 56.1 ¶ 13; Answer I. ¶ 10.  According to Petitioner, Respondent had an outstanding balance of $103,389.82 on the loans.  Pet. 56.1 ¶ 14.  Petitioner alleges that it consequently sent three demand letters to

---

[2] Wachovia Securities, LLC changed its name to Wells Fargo Advisors, LLC in 2008, after Wachovia Corporation was acquired by Wells Fargo & Company.  Although Respondent states that he "never signed a note with Wells Fargo Advisors LLC at any time for the original loan of $125,000.00" and that he "signed [the] note with Wachovia Securities LLC," the promissory note, which Respondent concedes he signed, clearly states that the note can be enforced by "Wachovia Securities, LLC, its parent, and all affiliates, successors and assigns."

Respondent, dated December 6, 2011, January 25, 2012, and March 20, 2012, but that Respondent failed to repay the loans. *Id.* ¶¶ 15-16.

On June 5, 2012, Petitioner filed a Statement of Claim with FINRA. *Id.* ¶ 17; Resp. Mem. at 2. Petitioner included with the Claim copies of the three promissory notes allegedly signed by Respondent.[3] *See* Exs. A-A, A-C, A-E.[4] The pertinent terms of the three promissory notes are virtually identical. *See id.* Each includes a clause stating that one's termination of employment constitutes a default on the loan, and that Wells Fargo may demand payment, in full, immediately thereafter. Exs. A-A at 1, A-C at 1, A-E at 1. The notes also each contain an arbitration clause, stating that any controversy arising out of the note shall be brought before FINRA for arbitration and that the results of the arbitration shall be final. Exs. A-A at 2, A-C at 3, A-E at 3.

In addition to the promissory notes, Petitioner submitted three "Promissory Note Analysis Reports," reflecting previous payments made by Respondent on the loans, accrued interest on the loans, and the loans' outstanding balances. *See* Exs. A-B, A-D, A-F. These reports indicate that Respondent owed $52,827.22 on the $125,000 loan, Ex. A-B at 3; $46,198.88 on the $52,068 loan, Ex. A-D at 2; and $4,363.72 on the $4,605.61 loan, Ex. A-F at 1, for a total outstanding balance of $103,389.82.

Counsel for Respondent filed an Answer to Petitioner's Statement of Claim (the "Arbitration Answer") on February 14, 2013. *See* Ex. B; Answer I. ¶ 12. The Arbitration Answer did not dispute that Respondent signed the promissory notes provided by Petitioner, that

---

[3] Petitioner has provided copies of what it alleges were the parties' submissions to FINRA for arbitration. *See* Affidavit of Sandra D. Grannum in Support of Petitioner's Motion for Summary Judgment, Doc. 30, Ex. A (Statement of Claim), Ex. B (Respondent Mercer's Answer). Defendant does not dispute that these documents were indeed the documents that the parties submitted to FINRA.

[4] All "Ex." references are to exhibits attached to the Affidavit of Sandra D. Grannum in Support of Petitioner's Motion for Summary Judgment, Doc. 30.

Respondent received the loan amounts stated in the promissory notes, nor that the outstanding balances stated in the Promissory Note Analysis Reports were accurate. *See* Ex. B. The Arbitration Answer did contain, however, a number of affirmative defenses. *See id.* Respondent alleged breach of contract by Wells Fargo for breaking promises it allegedly made to Respondent about the business its Financial Specialists would provide to him as a Financial Advisor. *See id.* Furthermore, Respondent argued that the "loans" he received actually constituted "wages" and therefore could not be claimed by Wells Fargo under New York State Labor Laws. *See id.* Respondent's Arbitration Answer did not contain any counterclaims. *See* Exs. B, C.

Respondent also included with the Arbitration Answer a "Submission Agreement," signed by Respondent, in which he agreed to participate in the FINRA arbitration and to be bound by the outcome of the arbitration. Ex. B at 2.

On January 15, 2014, a hearing was conducted before a single arbitrator, in which Respondent appeared pro se. Pet. 56.1 ¶ 21; Answer I. ¶ 13. The arbitrator issued a decision on January 24, 2014, awarding Petitioner $103,389.82 in compensatory damages and $17,363.01 in interest, for a total award of $120,752.83.[5] Pet. 56.1 ¶ 22; Resp. Mem. at 2. Respondent did not move to vacate or modify the Award at any point thereafter.

On November 21, 2014, Wells Fargo filed the instant Verified Petition to Confirm an Arbitration Award (the "Petition"), requesting that this Court confirm the Award issued by the arbitrator. Doc. 1. Respondent, appearing pro se, filed an Answer on March 9, 2015. Doc. 11. The Answer contains two defenses and ten counterclaims, which Respondent claims invalidate

---

[5] Petitioner has also submitted copies of letters allegedly sent by FINRA to the parties informing them of the Award dated January 28, 2014. Ex. E. Respondent does not dispute the authenticity of these letters.

4

the Award.[6]  *Id.*  Petitioner moved for summary judgment on May 19, 2015, seeking confirmation of the Award and dismissal of Respondent's counterclaims.  Doc. 26.  Respondent filed an opposition on June 18, 2015, Doc. 33, and Petitioner filed a reply on June 25, 2015, Doc. 34.

**II. Discussion**

The FAA provides a "streamlined" process for a party seeking "a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it."  *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).  District courts "treat a petitioner's application to confirm or vacate an arbitral award as akin to a motion for summary judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 136 (2d Cir. 2011) (internal quotation marks omitted).  The award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case."  *D.H. Blair & Co., Inc. v. Gottdiener*, 462

---

[6] Respondent's counterclaims are:  (1) "[Respondent] signed note with Wachovia Securities LLC.  Not Wells Fargo"; (2) "As per testimony of Robert K. Steel former CEO of Wachovia Corporation Financial Crisis Inquiry on September 1st, 2010 he admits or states 'Wachovia was no longer in a position to engage in the public offering and private placement transactions necessary to raise capital.'  I submit Wachovia Securities was 'out of business'"; (3) "I believe this made my note agreement invalid"; (4) "I submit the arbitration as had been the case in several, many, similar cases brought against Lehman Brothers Financial (out of business) advisors did not as had other arbitrators ruled in favor of the financial advisors (respondents) rule or apply a similar standard in my case"; (5) "The firm also was in breach of contract when although they could place me in 'any branch' as per my email they moved me out of the branches into the main office completely preventing me from access to branch clients.  They did relent and give me one branch eventually"; (6) "I believe as per my testimony and response the 2nd and 3rd bonuses were not the same as a loan or promissory note.  As clearly shown, known and stated the 2nd and 3rd loans were awarded based on work done and therefore qualify as 'earned income'"; (7) "If in either case precedent by FINRA and under New York state guidelines for labor law violations the amount of the award would have been less than $75,000.00 dollars.  Therefore this would negate statement #4 and preclude the court from jurisdiction (28 U.S.C. § 1332) over this matter"; (8) "I made several offers to repay the loan yet all offers were rejected"; (9) "I further ask for denial of a default judgment as FINRA itself concluded I was unable not unwilling to repay the loans.  FINRA stated they would be contacting me regularly to establish my ability to repay the loans"; (10) "Finally with the misstatements and errors in the statement of facts along with the Standard of Review of an Arbitration Award I submit all the laws quoted and stated by Plaintiff 'violates a strong public policy' – FINRA's previous decisions for Lehman Advisors.  'Only in very unusual circumstances[.]'  The loyalty awards were 'very unusual' if not unique for a loan in that it was clearly based upon 'earned income' not a retention bonus.  'Totally irrational' in that it is clearly a decision which does not take New York Labor law into account.  So I would ask for relief from a default judgment."  Respondent's defenses are:  (1) breach of contract and (2) violations of New York State Labor Laws.

F.3d 95, 110 (2d Cir. 2006) (internal quotation marks omitted). "The arbitrator's rationale for an award need not be explained, and . . . [o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)). Confirmation of an arbitration award is thus "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted). This "severely limited" review promotes the twin goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation. *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997).

Conversely, "[a] party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." *D.H. Blair & Co.*, 462 F.3d at 110. The party moving to vacate an award bears "the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). Thus, a party seeking vacatur of an arbitrator's decision "must clear a high hurdle." *Stolt-Nielson S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010).

The Court finds that there are clear grounds for the arbitrator's Award of $120,752.83 to Petitioner. Petitioner submitted copies of promissory notes allegedly signed by Respondent that governed loans in the amounts of $125,000, $52,068.00, and $4,065.61. Petitioner also provided Promissory Note Analysis Reports demonstrating that the total outstanding balance on these loans amounted to $103,389.82. Respondent, in his Arbitration Answer, did not even attempt to rebut this evidence. Indeed, Respondent has acknowledged that he received a $125,000 loan

6

from Wachovia, and that the loan was governed by a promissory note he signed that explicitly states that the note can be enforced by all of Wachovia's "successors and assigns," which would include Wells Fargo.  Respondent also concedes that he received $52,068.00 and $4,065.61 loan payments from Wells Fargo, and does not dispute that he also signed promissory notes governing those loans.

Respondent did offer several affirmative defenses to Petitioner's Claim.  But they do not undermine the arbitrator's decision.  First, there is no indication as to how Wells Fargo's alleged failure to live up to promises of providing business to Respondent relates, if at all, to the loans at issue.  Nor does Respondent provide any reason for why the Court should construe the money he received as "wages," as opposed to loans, in light of the terms of the promissory notes.   The Court finds, therefore, that the arbitrator had more than a "colorable justification" to award Petitioner $103,389.92 in compensatory damages, plus $17,363.01 in interest, for a total award of $120,752.83.

Notably, Respondent never moved to vacate or modify the Award.  Respondent now submits a number of reasons in the form of "defenses" and "counterclaims" to Wells Fargo's Petition as to why the Petition should be denied.  Even if the Court were to construe Respondent's defenses and counterclaims as a proper cross motion to vacate or modify, Respondent's motion would nonetheless be time barred.

"Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C. § 12. By the clear terms of the FAA, "a party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm."  *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984); *see also*

7

*Freedom Inv'rs Corp. v. Hadath*, 11 Civ. 5975 (DLC), 2012 WL 383944, at *3 (S.D.N.Y. Feb. 7, 2012).

FINRA issued the Award on January 24, 2014. Respondent did not make any motion with respect to the Award until it answered Wells Fargo's Petition on March 9, 2015. The three-month period during which Respondent had to move to vacate or modify the award had therefore clearly lapsed.

Even if Respondent's defenses or counterclaims were properly pled *and* pled in a timely manner, they still would not preclude confirmation of the Award. The FAA provides only limited, enumerated grounds for a district court to vacate an arbitration award. Under the FAA, a court may vacate an award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). In addition, as "judicial gloss" on these specific grounds for vacatur, the Second Circuit has held that "the court may set aside an arbitration award if it was rendered in manifest disregard of the law." *Schwartz v. Merrill Lynch & Co., Inc.*, 665 F.3d 444, 451 (2d Cir. 2011) (internal quotation marks omitted).

None of Respondent's defenses or counterclaims implicate any of the FAA's grounds for vacatur.[7] Respondent does make a few arguments in his opposition to Petitioner's motion for summary judgment which invoke these grounds, however. First, Respondent asserts that appointment of only one arbitrator, as opposed to a three-arbitrator panel amounted to "misbehavior by which the rights of [Respondent] have been prejudiced," a ground for vacatur under 9 U.S.C. § 10(a)(3). Resp. Mem. at 4-5. However, FINRA Rule 13806(b)(1) states that if "the associated person files an answer but does not allege any counterclaims or third party claims," then only one arbitrator will be appointed. Respondent did not allege any counterclaims in his Arbitration Answer. Therefore, it was not error, let alone a consequence of "misbehavior," that only one arbitrator presided over the dispute.[8]

Defendant also claims that the arbitrator "disregarded New York State Labor Law Article 6, Section 190, 193, by allowing petitioner to reclaim 'wages.'" Resp. Mem. at 5. Respondent alleges that if the Court found that the loans were "earned income," the total amount due to Petitioner would be $64,619.22, "well below the $75,000.00 dollar threshold to bring this a [sic] request for a default judgment." *Id.*

---

[7] Nor does the Court find that any of the arguments made by Respondent fall under any of the limited statutory grounds for modification. Under the FAA, a district court may only modify an arbitration award:

> (1) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (2) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (3) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.

[8] In any case, Respondent provides no explanation as to why being assigned just one arbitrator would have prejudiced his rights in the arbitration.

"[A]wards are vacated on grounds of manifest disregard only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010) (internal quotation marks omitted). To vacate an arbitration award based on manifest disregard of the law, a party must make a two part showing: (1) "whether the governing law alleged to have been ignored by the arbitrators was well defined, explicit, and clearly applicable," and (2) "whether the arbitrator knew about the existence of a clearly governing legal principle but decided to ignore it or pay no attention to it." *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 121 n.1 (2d Cir. 2011) (internal quotation marks omitted). Where, "the arbitrators do not explain the reason for their decision," it should be upheld if the court "can discern any valid ground for it." *STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68, 78 (2d Cir. 2011).

Respondent has failed to carry his significant burden of showing that the arbitrator acted in manifest disregard of the law. Respondent already raised the argument in his Arbitration Answer that some of the money he received constituted "wages" under New York Labor Laws. The arbitrator rejected that argument, and found that the money Respondent received from Wells Fargo constituted loan payments and that Respondent had an outstanding balance of $103,389.92 on those loans. Although the arbitrator did not explain the reasoning for its decision, as described above, it clearly had a valid ground for making that decision based on the evidence before it.

Because none of the other reasons Respondent provides for denying confirmation of the Award fall under any of the appropriate grounds for vacatur or modification, the Court finds that Petitioner has sufficiently supported its Petition for confirmation of the Award.

## III. Conclusion

For the reasons stated above, the Court GRANTS Petitioner's motion for summary judgment, hereby confirming the Award and dismissing Respondent's counterclaims. The Clerk of the Court is respectfully directed to enter judgment for Petitioner in the amount of $120,752.83, terminate the motion, Doc. 26, and close the case.

It is SO ORDERED.

Dated:  January 8, 2016
        New York, New York

_____
Edgardo Ramos, U.S.D.J.